Lewis M. Francis (Utah State Bar #6545)
Elizabeth Butler (Utah State Bar #13658)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Fax:  (801) 328-0537
Attorneys for Plaintiff
Email:  lfrancis@joneswaldo.com
        ebutler@joneswaldo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARRIS RESEARCH, INC., a Utah corporation, | |
| | VERIFIED COMPLAINT |
| Plaintiff, | |
| vs. | Civil No. 1:17-cv-00168 |
| JANET LEVESQUE, CHUCK LEVESQUE, KYLE FOWLER, ELIZABETH FOWLER and SHEPHERDS AT WORK, INC., individually and doing business as "FOWLER'S CARPET AND UPHOLSTERY CLEANING" and/or "JC'S CHEM-DRY" | Judge Paul M. Warner |
| Defendants. | |

Plaintiff Harris Research, Inc. alleges as follows:

**PARTIES**

1.     Plaintiff Harris Research, Inc. ("HRI") is a Utah corporation, with offices in

Logan, Utah and Nashville, Tennessee.  HRI is the worldwide franchisor of a carpet cleaning

1392587.1

system known as Chem-Dry®, for which HRI owns the federally-registered trademark.  See U.S. Trademark Registration for Chem-Dry, attached hereto as Exhibit "A".

2.	Defendant Shepherds at Work, Inc. ("Shepherds") is a Texas Corporation with its principal place of business in Montgomery County. Shepherds is a former Chem-Dry franchisee. Shepherds was the franchisee of JC's Chem-Dry in Harris County, Texas and JC's Chem-Dry II in Montgomery County, Texas.

3.	Defendants Janet and Chuck Levesque (collectively, the "Levesques") are individuals residing in the State of Texas and are Shepherds' President and Vice President of Finance, respectively.

4.	Defendants Kyle and Elizabeth Fowler (collectively, the "Fowlers") are individuals residing in the State of Texas and are Shepherds' Vice President of Operations and Vice President of Administration, respectively.

5.	The Fowlers (collectively with Shepherds) are currently doing business under the name "Fowler's Carpet and Upholstery Cleaning".

6.	This action involves violations of the federal Lanham Act, 15 U.S.C. §§ 1051 et seq. Jurisdiction is conferred by 28 U.S.C. § 1331 since this action arises under federal law.  This Court also has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

7.	Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims asserted herein occurred in this District, and the parties agreed to venue in this District.

## GENERAL ALLEGATIONS

8. HRI currently has approximately 2000 Chem-Dry® franchises in the United States and another 1300 worldwide.

9. Shepherds entered into two (2) Franchise Agreements with HRI 2011 to operate the "JC's Chem-Dry" and "JC's Chem-Dry II" franchise businesses in Harris County and Montgomery County, Texas. The March 24, 2011 Franchise Agreement is attached as Exhibit "B" and the August 24, 2011 Franchise Agreement is attached as Exhibit "C" (collectively the "Franchise Agreements").

10. The Levesques personally guaranteed Shepherds' contractual obligations to HRI under the Franchise Agreements. See Exs A & B to Franchise Agreements. The Fowlers also co-signed as guarantors to the Franchise Agreements in February of 2013. See id.

11. As part of the Chem-Dry® franchises, Shepherds also entered into written agreements with HRI regarding its proprietary equipment, copies of which are attached hereto as Exhibit "D" (collectively the "Equipment Agreements").

12. Defendants agreed to use the Chem-Dry® Equipment only in conjunction with providing authorized Chem-Dry® franchise services, and to return the Chem-Dry® Equipment to HRI upon termination of the franchises.

13. Pursuant to the Franchise Agreements and Equipment Agreements, Defendants obtained the following Chem-Dry® equipment for use with their franchise business:

    a) PowerHead, serial number 82825036;

    b) PowerBase, serial number 2422;

      c)     PowerHead, serial number 83196027;

      d)     PowerHead, serial number 83259047; and,

      e)     Chem-Dry Carbonating Truckmount System CTS-450, serial number HS-45-7345-096 (the "Chem-Dry® Equipment").

14. Some or all of the Chem-Dry® Equipment is marked with HRI's trademarks.

15. Defendants also agreed to a number of other post-termination obligations.

16. In Section 16.A of the Franchise Agreements, Defendants agreed to pay all amounts due to HRI within 15 days of the termination of the franchises.

17. In Section 16.B of the Franchise Agreements, Defendants agreed after termination not to "use any Mark, any colorable imitation of a Mark, or other indicia of a CHEM-DRY Business in any manner or for any purpose; or use any trade name, trade or service mark, or other commercial symbol that suggests or indicates a connection or association with HRI".

18. Defendants also agreed to remove "all signs, emblems, lettering and logos, or any other indicia of a CHEM-DRY business, from all vans not surrendered or purchased by HRI."

19. Defendants also agreed to permanently "disconnect, or cause to be disconnected" all telephone numbers used to advertise or to provide the former Chem-Dry® franchise services, and to return all Chem-Dry® equipment to HRI.

20. Pursuant to Section 16.C of the Franchise Agreements, Defendants also agreed to cease using any of HRI's Confidential Information, and to send HRI the franchise Customer Lists.

21. Pursuant to Section 16.D of the Franchise Agreements, Defendants also agreed not to engage in any Competitive Business for two (2) years following its termination. Said

4

prohibition included any Competitive Business within the franchised areas, or 10 miles of franchised areas.

22. On February 1, 2017, the Defendants notified HRI of their intention not to renew the Franchise Agreements. HRI therefore terminated the Franchise Agreements on February 6, 2017, and informed Defendants of their post-termination obligations. See Termination Letter, at Exhibit "E".

23. In violation of their post-termination obligations, Defendants are operating a competing business in the former franchise areas under the name "Fowler Carpet and Upholstery Cleaning." See excerpts from website, *www.fowlercarpets.com*, at Exhibit "F".

24. Defendants are also continuing to use the telephone numbers used with the former Chem-Dry® franchises to advertise and provide their competing services: (281) 259-8195, (281) 257-9372 and (888) 440-5951 (collectively "the Chem-Dry® Franchise Telephone Numbers"). See website at Exhibit "F", and photos of Defendants' former "JC Chem-Dry" vans, at Exhibit "G".

25. Defendants are also continuing to utilize HRI's commercial slogans in affiliation with their competing business, including "dry in hours, not days" and "removes 98% of allergens from carpet and upholstery." See website, at Exhibit "F". Defendants also advertise their competing business by publishing reviews that refer to "Chem-Dry." See id.

26. Finally, Defendants have not returned the Chem-Dry® equipment to HRI, and are apparently still using it to provide their competing services.

27. HRI has repeatedly notified Defendants that they are infringing HRI's trademarks, engaging in unfair competition, and breaching the terms of the Franchise Agreements and

Equipment Agreements, and demanded that Defendants cease doing so.  See September 7, 2017 final demand letter from undersigned counsel for HRI, at Exhibit H (exhibits omitted).

28. However, Defendants have refused and/or failed to cease their improper conduct.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement In Violation of Lanham Act, 15 U.S.C. §§ 1051 et seq.)**

29. Plaintiff incorporates the preceding allegations as though set forth fully herein.

30. Defendants are infringing HRI's trademarks by using them to advertise their competing carpet cleaning business, and to provide competing carpet cleaning services -- using Chem-Dry® marked equipment.

31. Defendants are infringing HRI's trademarks by using Chem-Dry® franchise slogans on the website for their competing business.

32. On information and belief, Defendants are continuing to use vans marked with HRI's trademarks, trade dress, slogans and/or commercial symbols to provide their competing business.

33. Defendants are infringing HRI's Chem-Dry® trademarks in telephone listings, internet pages and/or advertisements using the Chem-Dry® Franchise Telephone Numbers.

34. Because these infringing listings remain in the marketplace, the only way to ensure that the infringement will cease is to disconnect the associated telephone numbers.

35. Defendants' actions violate the provisions of 15 U.S.C. §§ 1114 and/or 1125. HRI is entitled to an injunction requiring Defendants to 1) cease any and all use of its Chem-Dry® trademark, 2) return the Chem-Dry® Equipment to HRI; 3) remove all Chem-Dry® franchise related symbols and slogans from their website and vans; and 4) disconnect, or cause to be disconnected, all of the Chem-Dry® Franchise Telephone Numbers, with no referrals to any

other numbers.

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

## SECOND CLAIM FOR RELIEF
**(Breach of Franchise and Equipment Agreements)**

36. Plaintiff incorporates the preceding allegations as though fully set forth herein.

37. Defendants have breached the Franchise Agreements through their continued use of HRI's trademarks, slogans and commercial symbols.

38. Defendants have breached the Franchise Agreements by failing or refusing to disconnect the Chem-Dry® Franchise Telephone Numbers, several of which are being used in connection with Defendants' competing business.

39. Defendants have breached the Equipment Agreements and Franchise Agreements by failing to return HRI's proprietary equipment.

40. Defendants have breached the Franchise Agreements by continuing to use HRI's Confidential Information, and by failing to return the franchise Customer Lists to HRI.

41. Defendants have also breached the Franchise Agreements by engaging in a competitive business in the former franchise areas in the State of Texas, in violation of their post-termination covenant not to compete.

42. Defendants have breached the Franchise Agreements by failing or refusing to remove all of HRI's trademarks, trade dress, slogans and/or commercial symbols from their vans.

43. HRI is entitled to an injunction immediately requiring Defendants to 1) cease all use of the HRI's trademarks, 2) return the Chem-Dry® Equipment to HRI, 3) remove all Chem-Dry® franchise-related markings, logos, commercial symbols and slogans from their website and vans; 5) permanently disconnect, or cause to be permanently disconnected, all of the Chem-

Dry® Franchise Telephone Numbers, with no referrals to any other numbers; 6) return the franchise Customer Lists to HRI; and 7) cease their competing business activities in the two former franchise areas, or within 10 miles of those areas, for two years.

44. HRI is also entitled to recover its attorney's fees and costs pursuant to Section 17.E of the Franchise Agreements.

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Harris Research, Inc. ("Plaintiff") demands entry of judgment in its favor and against Defendants as follows:

A. For an Injunction requiring Defendants to immediately and permanently:

a) Cease any and all use of the Chem-Dry® trademark, including but not limited to any use in advertisements, invoices, websites, van markings, internet or telephone listings;

b) Return to HRI all of the Chem-Dry® Equipment, including the following: PowerHead, serial number 82825036; PowerBase, serial number 2422; PowerHead, serial number 83196027; PowerHead, serial number 83259047; and Chem-Dry Carbonating Truckmount System CTS-450, serial number HS-45-7345-096.

3) Remove all Chem-Dry® franchise-related markings, logos, stripes, colors symbols and slogans from all websites and vans owned by or associated with Defendants' competitive business, Fowler Carpet and Upholstery Cleaning, or any other websites or vans owned, operated, or controlled by Defendants.

       5)      Permanently disconnect, or cause to be permanently disconnected, the former Chem-Dry® franchise telephone numbers, (281) 259-8195, (281) 257-9372, and (888) 440-5951, with no referral to any other numbers;

       6)      Send HRI the franchise Customer Lists; and

       7)      Cease their competing carpet and upholstery business activities, in or within ten (10) miles of Harris County, Texas and Montgomery County, Texas, for two (2) years from the date of the injunction.

B.      That, pursuant to Federal Rule of Civil Procedure 65(d), said injunction shall also expressly bind Defendants' "officers, agents, servants, employees and attorneys" and "those persons in active concert or participation with them who receive actual notice of the order".

C.      For an award of Plaintiff's attorney's fees and costs incurred; and

D.      For such other or further relief as the Court may deem appropriate.

DATED this __26th__ day of October, 2017.

                        JONES WALDO HOLBROOK & McDONOUGH PC

                        By: /s/ Lewis M. Francis
                            Lewis M. Francis
                            Elizabeth Butler
                            Attorneys for Plaintiff

## VERIFICATION

STATE OF TENNESSEE   )
                     : ss.
COUNTY OF DAVIDSON   )

I, Melanie Parker, having been first duly sworn, have read the foregoing Verified Complaint, and do hereby verify that the factual statements contained therein are true, based on my personal knowledge, information, and/or belief, and upon my position as Vice President of Franchise Administration for plaintiff Harris Research, Inc. I also verify that I believe that the relief requested to be fair and reasonable under the facts of this case, and that I am authorized by Harris Research, Inc. to execute this document upon its behalf.

DATED this 23 day of October, 2017.

_____
Melanie Parker

On the 23rd day of October, 2017, personally appeared before me Melanie Parker, the signer of the foregoing instrument, who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

[NOTARY SEAL]



MY COMMISSION EXPIRES:
MAY 3, 2021

10

1392587.1